# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GNC CORPORATION,<br><br>                          Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., *et al.*,<br><br>                         Defendants. | Case No. 17-cv-01090-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[ECF No. 25]** |

      Plaintiff American GNC Corporation filed a First Amended Complaint ("FAC") against Defendants LG Electronics Inc.; LG Electronics MobileComm U.S.A., Inc.; and LG Electronics Mobile Research U.S.A., LLC alleging sixteen counts of patent infringement. (ECF No. 6.) Defendants' Answer raises seven affirmative defenses. (ECF No. 12.) Plaintiff now moves to strike three of Defendants' affirmative defenses. (ECF No. 25.) In response, Defendants maintain their second and third defenses and withdraw the seventh. (ECF No. 28.) Plaintiff replies. (ECF No. 30.)

      The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike.

– 1 –

# I. BACKGROUND

Plaintiff "specializes in inventing and applying advanced and innovative technologies to contemporary problems within the fields of Guidance, Navigation, Control and Communications (GNCC), Inertial Sensors, Health Monitoring, Intelligent Processing, and Autonomous Robotics." (FAC ¶ 19.) Plaintiff owns U.S. Patent Numbers 6,311,555; 6,415,227; 6,508,122; 6,516,283; 6,671,648; 6,697,758; and 6,792,353 (the "Patents-in-Suit"). (*Id.* ¶ 28.)

In its FAC, Plaintiff alleges Defendants infringe the Patents-in-Suit by "making, using, offering for sale, selling and/or importing" an assortment of "accused smartphones, tablets, and other mobile wireless devices." (FAC ¶¶ 38-39.) Defendants assert seven affirmative defenses in their Answer (ECF No. 12), and Plaintiff now moves to strike three of these defenses (ECF No. 25).

# II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[The] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). Before a motion to strike affirmative defenses may be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses

succeed." *Levin–Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) (quoting *Sys. Corp. v. Am. Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973)). The court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

An affirmative defense is sufficient under Rule 12(f) if "it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013) (stating that the Ninth Circuit has continued to apply *Wyshak* post *Iqbal/Twombly* and citing *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). Under *Wyshak*, "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id*.

## III. ANALYSIS

### A. Challenge to Legal Standard

Initially, the parties disagree on the pleading standard applicable to affirmative defenses. Plaintiff argues for the *Twombly/Iqbal* plausibility pleading standard. (Mot. 1:4-12, ECF No. 25; Reply 5:28-7:10, ECF No. 30.) *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). Defendants argue for the *Wyshak* fair notice pleading standard. (Opp'n 3:16-26, ECF No. 28.)

Recent decisions acknowledge that the Ninth Circuit district courts are split on this issue. *See*, *e.g.*, *Rahman v. San Diego Account Serv.*, No. 16-cv-2061-JLS (KSC), 2017 WL 1387206, at *2 (S.D. Cal. Apr. 18, 2017); *MyGo, LLC v. Mission Beach Indus., LLC*, No. 3:16-cv-2350-GPC-RBB, 2017 WL 107346, at *7 (S.D. Cal. Jan. 11, 2017); *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016).

This Court sides with the courts continuing to apply the *Wyshak* fair notice pleading standard to affirmative defenses for four reasons. First, the *Twombly/Iqbal* plausibility

standard is "grounded in Federal Rule of Civil Procedure 8(a)(2), which governs claims, rather than Federal Rule of Civil Procedure 8(c), which governs affirmative defenses." *DK Holdings v. Miva, Inc.*, No. 16-cv-0580 W (RBB), 2016 WL 4943048, at *4 (S.D. Cal. Sept. 16, 2016). While a pleader must "show" entitlement to relief in a claim, a pleader must only "affirmatively state" an affirmative defense. *See Vogel*, 2013 WL 1831686, at *3 (continuing to apply the fair notice standard and noting "important linguistic differences" between Rule 8(a)(2) and Rule 8(c)).

Second, fairness considerations weigh in favor of a lower pleading standard for affirmative defenses because an answer must be crafted under stricter time constraints than a complaint. *See Vogel*, 2013 WL 1831686, at *3; *see also Tyco Fire Prods. v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) ("[A]pplying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it . . . and have a short amount of time to develop the facts necessary to do so . . . ."); Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.").

Third, "a heightened pleading requirement would produce more motions to strike, which are disfavored." *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045, 2011 WL 6934557, at *2 (D. Del. Dec. 30, 2011) (citation omitted).

Finally, the Ninth Circuit has not instructed district courts to apply the *Twombly*/*Iqbal* standard to affirmative defenses. For these four reasons, the Court confirms its previous decisions on this issue and continues to apply the *Wyshak* pleading standard to affirmative defenses.

### B. <u>Application</u>

Plaintiff requests the Court strike the second, third, and seventh affirmative defenses from Defendants' Answer.

– 4 –

### 1. Second Affirmative Defense

Defendants contend that they have not and do not infringe "any valid and enforceable claim of the Patents-in-Suit, either directly or indirectly, in particular because not every accused instrumentality practices every claimed limitation." (Answer ¶ 611, ECF No. 12.) Plaintiff seeks to strike this defense because Defendants have not "pled *any* facts or arguments in support of [their] non-infringement defense, and [Plaintiff] remains unaware of any basis for non-infringement." (Reply 1:9-10 (emphasis in original).) Defendants argue that their denial of the infringement assertions constitutes fair notice of their non-infringement defense and that factual plausibility is not required. (Opp'n 6:27-7:1.) For the reasons outlined above, the Court rejects Plaintiff's arguments challenging this defense on the basis of *Twombly/Iqbal* plausibility and turns to whether the defense suffices under the fair notice pleading standard.

At this point, the non-infringement contentions provide sufficient notice to Plaintiff that Defendants will pursue this affirmative defense. Plaintiff's motion to strike this defense is premature. Plaintiff will have the opportunity to obtain facts about this defense during the discovery process. *See Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) ("These affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced."). Further, the non-infringement contentions bear directly on Plaintiff's infringement claims, and a motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057.

Accordingly, the Court denies Plaintiff's motion to strike Defendants' second affirmative defense.

### 2. Third Affirmative Defense

Plaintiff launches a similar attack on Defendants' third affirmative defense. In this defense, Defendants assert invalidity of one or more claims of the Patents-in-Suit,

– 5 –

specifically referencing: (i) several federal statutes and regulations, and (ii) navigational practices appearing in a military textbook that Defendants argue predated the claims in U.S. Patent Numbers 6,415,227 (the "227 patent") and 6,792,353 (the "353 patent"). (Answer ¶ 612.) Plaintiff first argues that the specific references to the 227 and 353 patents lack sufficient detail to be plausible and that Defendants provide no factual basis for the invalidity defense for the other five Patents-in-Suit. (Mot. Ex. A, Mem. of P. & A. 5:2-10, ECF No. 25-1.) Plaintiff later contends that this defense also fails under the *Wyshak* pleading standard. (Reply 2:2-12.) Defendants respond that their references to specific statutes provide fair notice that the patentability and "validity of claims will be challenged as anticipated, obvious, indefinite, or unsupported." (Opp'n 8:14-19.)

Applying the *Wyshak* standard for the reasons discussed above, the Court finds that Defendants' invalidity defense provides sufficient notice to Plaintiff at this time. As with Defendants' non-infringement defense, Plaintiff will have the opportunity to obtain facts about the invalidity contentions during the discovery process. *See Vistan Corp.*, 2011 WL 1544796, at *7. Further, Defendants' references to specific statutes "state the nature and grounds" for their defense, and Defendants are not required to include "a detailed statement of facts." *See Kohler*, 280 F.R.D. at 564. Additionally, Defendants' invalidity contentions bear directly on Plaintiff's infringement claims, and a motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057.

Accordingly, the Court denies Plaintiff's motion to strike Defendants' third affirmative defense.

### 3. Seventh Affirmative Defense

Defendants assert that Plaintiff's claims "are barred, in whole or in part, by 35 U.S.C. § 288." (Answer ¶ 616.) Plaintiff argues that this affirmative defense fails to provide fair notice and lacks a factual or legal basis. (Mot. 1:6-7.) In response, Defendants withdraw

this defense. (Opp'n 1:25.) Therefore, the Court grants Plaintiff's motion to strike the seventh affirmative defense.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike (ECF No. 25). Specifically, the Court **DENIES** Plaintiff's request to strike Defendants' second and third affirmative defenses and **GRANTS** Plaintiff's request to strike Defendants' seventh affirmative defense. The Court strikes Defendants' seventh affirmative defense without prejudice.

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

Hon. Cynthia Bashant
United States District Judge