UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GNC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., AND LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC,<br><br>Defendants. | Case No.: 17cv1090-BAS(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL TECHNICAL FACT DISCOVERY AND LG'S PATENT LICENSE AGREEMENTS**<br><br>**[ECF No. 57]**<br><br>**REDACTED** |

Currently before the Court is Plaintiff's November 2, 2017 "MOTION TO COMPEL TECHNICAL FACT DISCOVERY AND LG'S PATENT LICENSE AGREEMENTS" [ECF No. 57 ("MTC")], Defendants November 10, 2017 opposition to the motion [ECF No. 60 ("Oppo.")], and Plaintiff's November 14, 2017 Reply [ECF No. 65 ("Reply")].

For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**RELEVANT BACKGROUND**

On August 2, 2017, Plaintiff sent Defendants its First Set of Interrogatories and Requests for Documents ("RFPs"). MTC at 4-5. After meeting and conferring several times, including on September 12 and 21, October 21 and 26, and November 2, 2017, Defendants have provided

1

four sets of objections and responses to the RFPs. Id.

On October 10, 2017, counsel for Plaintiff, Alison Richards and Alex Debski, and counsel Defendants, Thomas Davis, Rick Rambo, Elizabeth Chiaviello, Collin Park, and Alan Wang, contacted the Court regarding various discovery disputes concerning Defendants' responses to written discovery. In regard to these disputes, the Court issued a briefing schedule. ECF No. 48.

On October 27, 2017, the parties filed a "JOINT MOTION TO MODIFY CERTAIN DEADLINES." ECF No. 53. The parties sought to continue the deadline for (1) Plaintiff to file its motion to November 2, 2017, (2) Defendants' opposition to November 9, 2017, and (3) Plaintiff's reply to November 16, 2017 because they met and conferred and "Defendants agreed to provide additional discovery responses by October 30, 2017 [that] may narrow the discovery disputes that require the Court's attention." Id. at 1. The Court granted the parties' motion on October 27, 2017. ECF No. 54. The parties failed to reach an agreement and timely filed their pleadings. See ECF Nos. 57, 59, and 64.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2)(c)(i-iii)(instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is

2

17cv1090-BAS(BLM)

"unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

**DISCUSSION**

Plaintiff seeks an order from the Court requiring Defendants to provide

> (1) unequivocal responses to AGNC's RFPs consistent with Rule 34 (as amended in 2015) or an order that LG's objections are now waived; (2) narrative responses to AGNC's interrogatories 4-9, which seek technical fact discovery relevant to infringement issues; (3) LG's factual basis for any non-infringement contention (interrogatory 1); (4) an answer [to] interrogatory 19 and 20 regarding LG's knowledgeable witnesses; and (5) a response to interrogatory 12 that identifies the full scope of LG's prior patent licenses.

MTC at 4. Plaintiff argues that Defendants' responses to its RFPs are not clear and unequivocal, and improperly begin with the language "Subject to and without waiving the foregoing General and Specific objections, LGE responds as follows." Id. at 4-5. Plaintiff further argues that Defendants' interrogatory responses are improper as Defendants (1) cannot narrowly interpret Plaintiff's requests to suit their own needs, (2) cannot address only three of the fifty-three accused products[1] in their responses, (3) cannot give responses indicating that they have information beyond that contained in the documents, but which they are not willing to provide (4) cannot claim that facts available to them are privileged, (5) do not clearly express if they have possession, custody, or control over technical facts from component suppliers, (6) identify over 16,000 pages of documents without explaining how the documents provide the information requested in the interrogatory, (7) fail to provide the factual basis for a non-infringement defense, and (8) fail to name any witnesses in response to interrogatories requesting knowledgeable witnesses. Id. at 4-21. Finally, Plaintiff argues that Defendants "should produce the full scope of [their] prior patent licenses" and not limit the production to those licenses in

---

[1] The Court is unclear on the number of accused products. Plaintiff's motion states that there are fifty-three accused products. MTC at 9. Defendants' opposition states that there are "over 50" accused products [see Oppo. at 20.] and Plaintiff's reply states that there are fifty-one accused products. Reply at 10.

3

the "motion sensing, positions, and navigation field of art." Id. at 21.

Defendants respond that Plaintiff is attempting to "turn the burden of proving infringement on its head." Oppo. at 6. Defendants assert that (1) their responses fully comply with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34, (2) they have explained their knowledge with respect to interrogatories 1 and 4-9, identified supporting documents, and offered to let Plaintiff inspect relevant confidential documents in their control, (3) the issue of their patent licenses is premature, and (4) Defendants are not required to identify their trial witnesses at this juncture. Id. at 6-7.

Plaintiff replies that Defendants' opposition "declines to directly address nearly all of the specific issues [Plaintiff] raises in its Motion." Reply at 2. Plaintiff notes that Defendants failed to (1) claim that they responded to Plaintiff's interrogatories to the extent of their available knowledge, (2) provide information on their non-infringement defenses, (3) take a position on the limits of their knowledge and what is or is not in their control, and (4) accept that there are deadlines that apply to them. Id.

A. <u>Plaintiff's Requests for Production</u>

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

Plaintiff seeks supplemental responses to its RFPs 1-31. Mot. at 4. Plaintiff argues that all of Defendants' responses begin with the phrase "Subject to and without waiving the foregoing General and Specific objections, LGE responds as follows:" which is improper under the Federal

Rules of Civil Procedure.  Id. at 5.   Plaintiff further argues that Defendants' placement of "Preliminary Responses" at the beginning of its responses specifically identifying four reasons for documents being withheld by Defendants is not acceptable because the reasons differ from the objections and responses that Defendants provided in response to the RFPs.  Id. at 6. Plaintiff states that the inconsistent responses do not leave it with "a clear record of [Defendants'] objections and responses." Id.  Plaintiff requests that the Court deem Defendants' objections waived.  Id.

Defendants contend that their responses to the RFPs comply with Fed. R. Civ. P. 34 and clearly set out their objections, which materials are being produced, and which materials are being withheld.  Oppo. at 7-8.  Defendants also contend that Plaintiff fails to provide support for its position that the phrase "Subject to and without waiving the foregoing General and Specific objections, LGE responds as follows:" is improper under Fed. R. Civ. P. 34.  Id. at 8.  Defendants note that Plaintiff does not challenge the objections specifically and that Plaintiff's argument on waiver is unavailing and against recent precedent in this district.

Plaintiff replies that Defendants' objections and statements are inconsistent and preclude a clear record. Reply at 4.   Plaintiff further replies that this is not a case where finding Defendants' objections to be waived could be considered "automatic" given that Plaintiff has been requesting responses for several months.  Id.  Finally, Plaintiff replies that it is unable to have a more specific discussion because Defendants have prevented Plaintiff from understanding Defendants' position and because they have not produced all of the responsive documents in their possession.  Id. at 5.

As an initial matter, the Court notes that Plaintiff's objections to Defendants' RFP responses center around the idea that Defendants' use of the phrase "Subject to and without waiving the foregoing General and Specific objections, LGE responds as follows:" prior to responding is inappropriate under the Federal Rules and should result in the waiver of Defendants' objections.  MTC at 5.

While Plaintiff provides case law from this district supporting its arguments, the Court declines to find that Defendants' limiting language results in a waiver of all of their objections

5

and Plaintiff's motion for such a finding is **DENIED**. See Del Socorro Quintero Perez v. United States, 2016 WL 304877, at *2 (S.D. Cal. Jan. 25, 2016) (stating that the "case law Plaintiffs cite does not support their contention that boilerplate objections result in an automatic waiver, but instead shows that courts sustain a thorough analysis of the objections before determining whether or not they are overruled."). Unfortunately for Plaintiff, Plaintiff does not then address any of the specific objections or limitations raised by Defendants; Plaintiff merely argues that the "subject to" language should result in all objections being waived. Similarly, Plaintiff complains that the litany of objections and limitations set forth in each RFP make it difficult to understand what Defendant is producing, but does not identify any specific areas of confusion or specific confusing or conflicting objections or responses. Because the Court has denied Plaintiff's complete waiver argument and Plaintiff does not identify and brief any specific deficiencies, Plaintiff has not satisfied its burden or set forth a dispute for this Court to resolve. See Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011) ("[t]he party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient")).

Because the Court is not deeming all of Defendants' objections waived and Plaintiff has not identified any specific RFP disputes, or provided law in support of its position regarding specific objections and responses to the RFPs, the Court declines to issue any orders regarding specific RFPs except as to RFPs 4, 7, 8, 11-12, 14, and 20-21. Defendants state they will supplement their responses to these RFPs now that a protective order has been entered in the case. MTC at Exh. 1. Specifically, Defendants agreed to respond to the requests within thirty or sixty days after the entry of the Protective Order. Id. The Protective Order was entered on October 23, 2017. ECF No. 51. Thirty days from October 23, 2017 was November 22, 2017 and sixty days from October 23, 2017 will be December 22, 2017. Accordingly, Defendants are ordered to provide their supplemental responses to RFPs 4, 7, 8, 11-12, 14, and 20-21 on or before **December 22, 2017**.

Plaintiff's second argument is that Defendants' Preliminary Responses – which contain four general objections to Plaintiff's requests – are inconsistent and do not leave Plaintiff with a

6

17cv1090-BAS(BLM)

clear record of what is and is not being produced. MTC at 6. Defendants Preliminary Responses state that they are

> not producing documents, source code, or other information that are subject to one or more of the following: 1) its objection to the time limitations in AGNC's requests; 2) agreements with third parties, until those third parties have provided LGE with consent to produce; 3) documents, source code, or other information not related to products specifically accused in AGNC's September 6 Infringement Contentions; and/or 4) the common interest privilege or any other applicable privileges.

MTC at Exh. 1 at 12. Defendants argue that these objections are proper and necessary. Oppo. at 9.

With regard to these four objections, the Court finds that Defendants must supplement their responses to clarify what they are producing, not producing, and withholding. For Preliminary Response 1, Defendants must specifically state the applicable time frame that they are utilizing for each RFP response.[2] For Preliminary Responses 2 and 4, Defendants must provide Plaintiff with a log identifying which documents are being withheld based on privilege and/or agreements with third parties. Finally, with regard to Preliminary Response 3, Defendants must produce supplemental responses for all accused products, not just the three representative products identified by Plaintiff in its infringement contentions. However, in light of Plaintiff's decision to group the accused products based on its organization of its infringement theories and Plaintiff's failure to provide individual charts as required under Patent Local Rule 3.1(c), Defendants may provide their responses in kind and serve representative responses in accordance with the three representative charts provided by Plaintiff or another appropriate manner of representative grouping of products and responses. Defendants must serve their supplemental responses by **December 29, 2017**.

---

[2] The Court is aware that Defendants appear to have done this for most of their responses by stating that their responses are addressing Accused Products sold in the United States between May 2011 and July 2017. MTC at Exh. 1. However, if there are any responses that do not have this information and for any supplemental responses, Defendants must specify the time frame being covered by the responses.

B. Interrogatories 1, 4-9, 12, 19-20

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B); see also Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B. Fed. R. Civ. P 33(d)(1) states that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

1. Interrogatories Nos. 4-9

Plaintiff seeks supplemental responses to Interrogatories Nos. 4-9. MTC at 6-16. Plaintiff argues that Defendants responses thus far have a number of problems including that they (1) improperly attempt to narrow the scope of the request to third party information only, (2) improperly attempt to narrow the scope of the request to three of the fifty-three accused products, (3) do not clearly state that the technical facts available to Defendants are limited to the face of the documents or, alternatively, provide the technical facts available to Defendants, (4) improperly withhold factual information as privileged without explaining the grounds for the privilege, (5) leave unclear whether or not Defendants have possession, custody, or control over technical facts from its component suppliers; and (6) improperly reference more than sixteen thousand pages of documents without explaining how the documents provide the information requested in the interrogatory. Id.

Defendants contend that the interrogatories are requesting detailed technical

documentation and information that Defendants do not possess or a statement that Defendants know nothing about the topics and are an attempt to shift the burden of discovery onto Defendants. Oppo. at 10. Defendants further contend that Plaintiff's claim that Defendants have control over various third parties is baseless. Id. at 11. Defendants note that they are in the process of producing 56,000 pages of confidential third party documents now that the Protective Order is in place. Id. Defendants contend that Plaintiff's infringement contentions are deficient and that they are not "withholding materials other than the privileged information that is not subject to discovery." Id. at 15-16. Finally, Defendants contend that the sixteen thousand pages referenced by Plaintiff were not part of a "heap" as the documents made up around 100 technical manuals and thirty data sheets. Id. at 17. Defendants note that the responses comply with Fed. R. Civ. P. 33(d) and Plaintiff's interpretation of FaceDouble is misplaced. Id.

Plaintiff replies that Defendants fail to address the limitations on the scope of the interrogatories and improperly categorize the interrogatories as contention interrogatories. Reply at 5-6. Plaintiff further replies that Defendants still refuse to "either acknowledge [they] have **no** responsive information or to divulge the responsive information [they] posess[]." Id. at 6 (emphasis in original). Finally, Plaintiff replies that Defendants improperly treat the interrogatory requests as document requests and fail to address that the burden is on Defendants to show that the documents they have cited to contain the information being sought. Id. at 6-7.

Now that there is a protective order in place, Defendants must supplement their responses to include information subject to the Protective Order. Moreover, the Court has reviewed Defendants' responses and finds that they are insufficient. Defendants must supplement their responses by 1) answering the question asked, 2) responding as to all fifty-three accused products, and 3) identifying the withheld information and privilege if a response is incomplete due to a privilege. For example, Interrogatories 5, 6 and 8 ask Defendants to describe specific processes. Defendants' response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants must describe what they know.

9

Similarly, Interrogatories 6 and 7 ask how Accused Products use IMUs and Defendants respond ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Again, this is insufficient. Defendants must provide a response to Plaintiff's request as written. Defendants must supplement their responses on or before **December 29, 2017**. Defendants must provide all responsive information that is in their possession, custody or control.

   2.   Interrogatory No. 1

Plaintiff seeks a supplemental response to Interrogatory No. 1. MTC at 16. Plaintiff argues that Defendants should be required to "disclose any factual basis that it has for any non-infringement defense." Plaintiff notes that despite having served the interrogatory on August 2, 2017, Defendants have failed to disclose any basis for their non-infringement defense or any other explanation for their contentions that a claim element is not met. Id. Plaintiff argues that this information should be disclosed immediately as the time for claim construction exchanges nears. Id. at 16.

Interrogatory No. 1 asks:

> For each limitation of the asserted claims of the Patents-in-Suit, state the complete factual basis for Defendants' contention that each Accused Product does not infringe that element, explaining in detail the factual and legal basis for each such contention and identifying by Bates number documents sufficient to support each such contention.

Id.; see also Exh. 3. Defendants respond by explaining that Plaintiff provided ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ so they only are providing responses as to those three products. MTC. at Exh. 3 at 12-15. Defendants contend that their responses are appropriate "given that Plaintiff refuses to provide [them] with Infringement Contentions that are compliant with Patent L.R. 3.1." Oppo. at 18-19. Defendants note that Plaintiff is accusing over fifty products, but has only provided Defendants with claim charts for three phones rendering their infringement charts inadequate and limiting Defendants' ability to respond to the interrogatory. Id. at 19-20.

Defendants also note that additional details "regarding non-infringement will be forthcoming based on Plaintiff's third-party subpoenas." Id. at 20.

Plaintiff replies that its infringement contentions do not impact Defendants' ability to provide factual information and that there is no reason to limit fact discovery to three of the fifty-one accused products. Id. at 10. Plaintiff further replies that its decision to use representative charts for the infringement contentions is the most efficient way to proceed and that this Court has allowed representative charts in other similar circumstances. Id. at 11.

Plaintiff's motion to compel further response to Interrogatory No. 1 is **GRANTED**. "[A] contention interrogatory during the early stages of litigation is appropriate where the responses to the interrogatory would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56." Facedouble, Inc. v. Face.com, Inc., 2014 WL 585868, at *2–3 (S.D. Cal. Feb. 13, 2014). Courts have found that it is appropriate to have a defendant respond to a non-infringement contention interrogatory where a plaintiff has provided its infringement contentions with corresponding claim charts that can allow that defendant to respond accordingly. Id. Here, while Plaintiff has only served claim charts for three of the fifty plus products that it accuses, the parties' deadlines for filing Invalidity Contentions, Preliminary Claim Constructions, and Responsive Claim Constructions, have passed. ECF No. 33. Therefore, it is unlikely that Defendant does not have enough information to state its non-infringement contentions. See Audatex N. Am. Inc. v. Mitchell Int'l, Inc., 2014 WL 4961437, at *3–4 (S.D. Cal. Oct. 3, 2014) (finding that the non-infringement interrogatory was not premature where the case had "been pending for over two and a half years, and the parties have exchanged infringement and invalidity contentions, preliminary and responsive claim construction contentions, and supporting documentation") (citing Facedouble, Inc., 2014 WL 585868, at *3 (after infringement contentions and supporting documents were served and claim construction positions were known, "Defendant cannot assert that it does not have sufficient information to formulate its non-infringement contentions.")). Moreover, Defendants do not argue that they do not have sufficient information to respond with regard to all products; they

merely argue that they should not have to do so because Plaintiff has not addressed all fifty-one accused products. Also, while they complain about Plaintiffs' inadequate infringement charts, Defendants did not file a motion challenging the adequacy of Plaintiff's representative sample or its failure to address all accused products.

Defendants must supplement their response to address all products or representative products, identifying which products are in each representative group. Defendants' responses must be served on or before **January 5, 2018**.

3. <u>Interrogatories No. 19 – 20</u>

Plaintiff seeks a supplemental response to Interrogatory No. 19. MTC at 17. Plaintiff argues that Defendants fail to identify a single witness in response to Interrogatory No. 19 which asks:

> Identify all witnesses Defendants either will or may call at trial, the general subject matter of their testimony, whether they are represented by counsel, and their contact information including telephone number and address.

<u>Id.</u>; <u>see also</u> Exh. 3. Defendants' responded to the interrogatory by stating:



<u>Id.</u> at Exh. 3.

Plaintiff's motion to compel further response to Interrogatory 19 is **DENIED**. Defendants contend that they have not yet identified their witnesses and have responded to the interrogatories by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because the Case Management Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 33] only issued a few months ago, and the Court has not yet set a fact or expert discovery deadline in this matter, Defendants' response is not unreasonable. Plaintiff's concern that they will be ambushed with the identity

of several witnesses on the eve of trial is unfounded and premature. Contrary to Plaintiff's position, this is not the scenario described in Skertich v. Zale Corp., 15 F.3d 1089, *1 (9th Cir. 1993) where "after the close of discovery, the Skertichs attempted to supplement their list of trial witnesses with some twenty-five new names" or Amador v. Bully's Sports Bar & Grill, 2017 WL 627214, at *5 (D. Nev. Feb. 15, 2017) where party sought to disclose trial witnesses for the first time "on the eve of the discovery cut-off" and the court struck the witnesses." MTC at 19. In addition, Fed. R. Civ. P. 26(a)(3)(B) states that parties must provide the contact information for witnesses that may be called if not previously provided along with witnesses the party anticipates deposing "at least 30 days before trial" unless the Court orders otherwise. Here Defendants are nowhere near the "30 days before trial" deadline as no trial date has been set and the Court has yet to issue a scheduling order with pretrial deadlines past the point of the claim construction hearing. Accordingly, Plaintiff's position that it should not be forced to wait any longer for this information is not reasonable.

With respect to Interrogatory No. 20, Plaintiff notes that Defendants' response, again fails to identify any witnesses from Defendants with any technical knowledge. Id. Plaintiff argues that Defendants initial disclosures do not satisfy Fed. R. Civ. P. 26 and that it should not be required to wait any longer for the required information. Id. at 18-21. Interrogatory No. 20 asks:

> Identify the people most knowledgeable, other than litigation counsel, regarding the subject matter of this litigation or Defendants' contention(s) as well as each and every person who provided any information used or considered in preparing Defendants' response to interrogatories in this case and any other persons who have knowledge of any one or more of the facts or contentions set forth in Defendants' response to that interrogatory, and for each person state the subject matter of that person's knowledge.

Id. at Exh. 3. Defendants responded:



Id. Defendants contend that they will identify their witnesses later in the case as permitted by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. Oppo. at 21. Defendants note that Plaintiff fails to cite any authority in support of its position that Defendants must identify all of their witnesses less than ninety days after serving their initial disclosures. Id. at 21-22. Defendants ask that Plaintiff's request regarding trial witnesses be denied. Id. at 22.

Plaintiff replies that it would be inefficient and prejudicial to allow Defendants "to wait until a month or so before trial to find out" which fact witnesses will be knowledgeable and who Defendants plan to rely on at trial. Reply at 9.

Plaintiff motion to compel further response to Interrogatory No. 20 is **DENIED**. Defendants have provided some names and titles in their Initial Disclosures. While Defendants fail to provide names and contact information for all of the people described in their Initial Disclosures,[3] they are already required to supplement their responses "in a timely manner if the[y] learn[] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). In addition, Plaintiff's request as written is overbroad.

    4.    <u>Interrogatory No. 12</u>

Plaintiff seeks a response to Interrogatory No. 12 which requests that Defendants

> Identify each Patent License Agreement to which any LG Entity is a party in which any patent licensed relates to technology related to mobile phones, laptops, tablets, or smart watches by Bates number and explain Defendants' contention about any royalty rate per device (e.g., phone) or rate per patent, or any other royalty rate, reflected in any of the identified Patent License Agreements, including, for example, LG's agreements with Qualcomm, Nokia, Google, Via, Core Wireless, Conversant, etc.

MTC at 21. Plaintiff argues that Defendants have not "produced nor identified a single prior

---

[3] Many of the descriptions state "[o]ne or more persons from [] who may have information relating to []" instead of listing an actual name or contact information other than a company name where the individual worked. MTC. at Exh. 9.

patent license." Id. Plaintiff further argues that Defendants have stated that they plan to limit the interrogatory to licenses in the "motion sensing, positioning, and navigation field of art" which is overly restrictive. Id. Plaintiff argues that Defendants should produce their "multi-patent and portfolio-wide licenses" and that Defendants have not shown that responding to the request would be unduly burdensome. Id. at 22-23.

Defendants explain that they have agreed to produce all relevant license agreements, but that due to their size and the large number of licenses, the scope of the search should be narrowed. Oppo. at 22. Defendants contend that Plaintiff's objection to their proposed narrowing conflicts with Plaintiff's own verified definition of the field of art.[4] Id. at 22-23. Finally, Defendants contend that Plaintiff's motion to compel the production of license is premature and should be denied. Id. at 24-25.

Plaintiff replies that Defendants' opposition fails to state why it should not provide licenses relating "to any of the LG product components that are involved in providing the relevant functions in this case" or its multi-patent and portfolio-wide licenses. Reply at 9. Plaintiff reiterates that a "full scope of relevant licenses should be produced" and that at a minimum Defendants should respond identifying "the counterparty, the patent technology, the royalty dollar amount, and the date so that potential relevance can be determined." Id. at 10.

Plaintiff's motion to compel further response to Interrogatory No. 12 is **GRANTED IN PART**. Plaintiff's request is overbroad, as it acknowledges since it merely states that it believes that Defendants' multi-patent and portfolio-wide licenses are "likely [to] include patents directed to relevant phone features and functionalities." MTC at 22. Defendants, therefore, may limit their response to the interrogatory to the "motion sensing, positioning, and navigation"

---

[4] In response to that contention, Plaintiff states that the definition Defendants are referring to "was provided in a different legal context and addresses a different legal issue: the level of ordinary skill in the relevant art is very different from the scope of patent licenses that may be relevant to this case. Notably, LG's proposed field of art is much narrower that what LG proposed in the context of its request for a prosecution bar and acquisition bar in its protective order motion, which was "motion sensing, positioning, mapping, and navigation technology." Mot. at n.5.

field of art.  Id. at 21.  Defendants must supplement their response on or before **January 5, 2018**.

## CONCLUSION

Plaintiff's request to have Defendants' objections waived is **DENIED**.  Regarding Defendants' "Preliminary Responses" Defendants must (1) specifically state the applicable time frame that they are utilizing for each RFP response, (2) provide Plaintiff with a log identifying which documents are being withheld based on privilege and/or agreements with third parties, and (3) must produce supplemental responses for all accused products, not just the three representative products identified by Plaintiff in its infringement contentions, although they may provide representative responses to the representative charts.  Defendants must serve their supplemental responses by **December 29, 2017**.

Plaintiff's motion to compel supplemental responses to:

1.  RFPs 4, 7, 8, 11-12, 14, and 20-21 is **GRANTED**.  Defendants are ordered to provide their supplemental responses to RFPs 4, 7, 8, 11-12, 14, and 20-21 on or before **December 22, 2017**.

2.  Interrogatory No. 1 is **GRANTED**.  Defendants must supplement their responses on or before **January 5, 2018**.

3.  Interrogatories No. 4-9 is **GRANTED**.  Defendants must supplement their responses on or before **December 29, 2017**.

4.  Interrogatories No. 19 and 20 is **DENIED**.

5.  Interrogatory No. 12 is **GRANTED IN PART**.  Defendants may limit their responses to the "motion sensing, positioning, and navigation" field of art.  Defendants must supplement their response on or before **January 5, 2018**.

**IT IS SO ORDERED**.

Dated:  12/18/2017

Hon. Barbara L. Major
United States Magistrate Judge