1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| AMERICAN GNC CORP., | Case No. 17-cv-01090-BAS-BLM |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO STAY PROCEEDINGS [ECF No. 99];** |
| LG ELECTRONICS INC., *et al.*, | **(2) IMPOSING A STAY OF ALL PROCEEDINGS;** |
| Defendants. | **AND** |
| | **(3) TERMINATING OTHER MOTIONS AS MOOT (ECF Nos. 101, 103, 105, 106]** |

Pending before the Court is a series of motions filed by the parties: (1) Plaintiff AGNC's motion to stay the proceedings with respect to two patents-in-suit in light of *inter partes* review ("IPR") requests filed by the Defendants[1] (ECF No. 99), to which Defendants have responded with a request for a full stay (ECF No. 104); (2) Plaintiff's motion to stay the entire case pending resolution of a disqualification issue

_____

[1] Defendants are LG Electronics, Inc., LG Electronics MobileComm U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC (collectively "Defendants" or "LGE").

– 1 –

it intends to assert against some of Defendants' counsel (ECF No. 103) and a related request to file a version of the motion under seal (ECF No. 101); and (3) *ex parte* motions filed by each side to authorize use of electronic equipment in the courtroom during the scheduled claim construction hearing (ECF Nos. 105, 106). For the reasons stated herein, the Court grants Plaintiff's motion to stay due to the IPR requests and, under its inherent authority, the Court imposes a full stay of the proceedings. The Court vacates the currently scheduled claim construction hearing and terminates all other motions as moot.

## I.     RELEVANT BACKGROUND

On May 26, 2017, Plaintiff filed its complaint, alleging that Defendants have infringed sixteen claims across seven patents. (*See generally* ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") on June 14, 2017. (ECF No. 6.) The seven patents-in-suit, which Plaintiff owns, are: 6,311,555 ('555 patent), 6,415,227 ('227 patent), 6,508,122 ('122 patent), 6,516,283 ('283 patent), 6,671,648 ('648 patent), 6,697,758 ('758 patent), and 6,792,353 ('353 patent). (*Id*. ¶28.)

On February 14, 2018, Defendants and Google filed IPR petitions with respect to the '227 patent the '353 patent. (ECF No. 104 at 2.) Defendants represent that the IPR petitions are: *Google LLC v. American GNC Corp*., IPR2018-00644, Paper 2 (PTAB Feb. 14, 2018) ('644 Petition) and *Google LLC v. American GNC Corp*., IPR2018-00646, Paper 2 (PTAB Feb. 14, 2018) ('646 Petition). (ECF No. 104 at 2.) By statute, AGNC has three months from the PTO's accord of filing date to respond to each respective petition. *See* 35 U.S.C. §313. LGE represents that AGNC may respond to the '644 Petition by May 23, 2018 and the '646 Petition by May 29, 2018. (ECF No. 104 at 2.) By statute, a decision by the PTO on whether to institute review must issue within three months of the time allotted for each of AGNC's responses. *See* 35 U.S.C. §314(b). LGE represents that a PTO decision on whether to institute review of the pending IPR petitions would issue by late August 2018. If the PTO accepts either IPR petition, a final determination must issue within one year of

– 2 –

acceptance of the respective petition.  *See* 35 U.S.C. §316(a)(11).  LGE represents that any final decisions by the PTO would issue by late August 2019.

## II.    LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936).  Flowing from this inherent power is a court's "authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 1426–27 (Fed. Cir. 1988); *see also Proctor & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 849 (Fed. Cir. 2008) (citations omitted).  Although a court has the authority to issue a stay pending reexamination, there is no requirement that a court must impose a stay.  *Viskase Corp. v. Am. Nat'l Can Co*., 261 F.3d 1316, 1328 (Fed. Cir. 2001); *In re Cygnus Telecommc'ns Tech. LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) [hereinafter "*In re Cygnus*"].  Rather, the decision to do so is committed to a court's discretion.  *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 936 (Fed. Cir. 2003) ("On remand, a stay of proceedings in the district court pending the outcome of the parallel proceedings in the PTO remains an option within the district court's discretion."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).

Courts generally consider three factors to determine whether to impose a stay pending reexamination:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *Telemac Corp. v. Teledigital, Inc*., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *In re Cygnus*, 385 F. Supp. 2d at 1023; *see also TAS Energy, Inc. v. San Diego Gas & Elec. Co*., No. 12-cv-2777-GPC(BGS), 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014).  Judicial consideration is not limited to these factors, but rather can include a review of the "totality of the circumstances."  *Universal Elecs., Inc. v. Universal Remote Control, Inc*., 943 F.

– 3 –

Supp. 2d 1028, 1031 (C.D. Cal. 2013); *Allergan Inc. v. Cayman Chemical Co*., No. SACV 07-01316-JVS (RNBx), 2009 WL 8591844, at *1 (C.D. Cal. Apr. 9, 2009).  A court's consideration of a motion to stay should be guided by the "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  *ASCII Corp v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

## III.   DISCUSSION

### A.    Stage of the Proceedings

The first factor a court considers is the stage of the proceedings.  A typical basis for denying a stay of a litigation is that the case has progressed through the bulk of pre-trial proceedings and is scheduled for trial shortly.  *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* No. 12-cv-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) ("a trial date has been set for February 23, 2015 . . . and discovery is well underway"); *Xerox Corp. v. 3Com Corp*., 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999).  Courts will also deny a stay where the parties and the Court have expended substantial resources.  *See Interwoven. Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (denying stay because discovery was underway and "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order).  However, when a case remains in the early stages and no trial date is set, the case stage factor will generally weigh in favor of a stay.  *Nichia Corp. v. Vizio, Inc.*, SA CV 16-00545 SJO, 2017 U.S. Dist. LEXIS 183610, at *11 (C.D. Cal. Feb. 2, 2017); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014).  The parties agree that this case has not progressed so far that a stay is unwarranted.  (*Compare* ECF No. 99 at 2 *with* ECF No. 104 at 3.)  The Court agrees.

The parties have met certain default benchmarks set by the Patent Local Rules, which streamline the timing of patent disclosures and the claim construction

– 4 –

procedure in patent litigation.  *See* S.D. CAL. PATENT L.R. 3, 4.  AGNC has provided its infringement contentions and served initial disclosures.  (ECF No. 104 at 2.)  The parties have submitted the Joint Hearing Statement, Claim Construction Chart, and Claim Construction Worksheet for the scheduled claim construction hearing (ECF No. 72) and claim construction briefing (ECF Nos. 91, 92, 87, 98).  The fact that the parties have completed these benchmarks under the Patent Local Rules, however, does not mean that the case has progressed so significantly that a stay would be improper when all or some of the patents-in-suit are the subject of the IPR review process.

Much remains for progression in this case, which has only been pending for nine months.  Although the claim construction hearing is scheduled, it has not yet occurred and the Court has not construed any disputed terms.  Moreover, a "significant amount of work still remains such as expert discovery, summary judgment motions and trial."  *TAS Energy, Inc*., 2014 WL 794215, at *3; *see also AT&T Intellectual Prop. I*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (noting that parties had not exchanged expert reports, conducted any depositions, or filed any dispositive motions).  This remaining work will be costly to the parties.  *See, e.g., PersonalWeb Techs., LLC v. Apple Inc*., 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014) ("[W]hile much has been done, much remains, and the remaining work is costly.  The Court has not set a fact discovery cutoff date.  The parties have yet to submit expert reports, and the totality of expert discovery remains.  The parties have not begun dispositive motion practice.  Finally, the Court has not set a trial date.").  Although the case is not in its infancy, it has not yet progressed so far that a stay would be improper under this factor.  *See Tierravision, Inc. v. Google, Inc.*, No. 11-cv-2170 DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).  Accordingly, the Court finds that this factor weighs in favor of a stay.

**B.**     **Simplification of the Issues and Trial**

The main dispute between the parties is the proper scope of the stay—whether

partial as to the two patents-in-suit subject to the IPR petitions or a full stay of all proceedings. Whereas AGNC requests a limited stay as to the patents-in-suit, LGE argues that a full stay is appropriate. The Court agrees with LGE.

Ultimate resolution of the IPR petitions has the potential to simplify the issues in this case and for trial. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US] PTO and clarifying the scope of the claims." *TAS Energy, Inc*., 2014 WL 794215, at *4 (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc*., 33 U.S.P.Q.2d 2022, 2023 (1995)). On balance, patents claims that are reviewed appear more likely to be either amended or canceled. *See Tierravision, Inc. v. Google, Inc.*, 2012 WL 559993, at *2. However, even if they are not amended or canceled, there are benefits to pending litigation from the review process. For example, even if the two patents-in-suit survive IPR review, the case could be simplified because LGE would be bound by the estoppel provisions for IPR review and could not raise any argument it raised or reasonably could have raised at the PTO in its petitions. *See Evolutionary Intelligence, LLC v. Facebook, Inc*., Nos. C 13–4202 SI, C 13–4204 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan.23, 2014) (citing 35 U.S.C. §315(e)(2)); *see also TAS Energy, Inc*., 2014 WL 794215, at *4. Even if the PTO affirms the claims in the patents, the PTO's decision "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." *Id.* These are significant benefits to simplifying the issues in this case and trial. Neither AGNC, nor LGE disputes that these are likely benefits from the IPR process if the petitions are granted. (ECF No. 99 at 2; ECF No. 104 at 4–7).

Although the PTO has not yet decided whether to institute IPR proceedings and could decline to do so, this does not mean a stay is improper. "[I]t is not uncommon for [courts] to grant stays pending reexamination prior to the PTO

– 6 –

deciding to reexamine the patent." *Pragmatus AV*, 2011 WL 4802958, at *3; *see also Advanced Micro Devices, Inc.*, 2015 WL 545534, at *2 (granting stay prior to grant of IPR petition by PTO). The risks of not granting a stay are clear. If the Court were to wait for the PTO to accept the IPR petitions to determine the propriety of a stay, the Court risks needlessly wasting its resources, particularly given that the claim construction hearing is currently scheduled to occur some five months before a decision on whether to accept the IPR petitions is due. Avoidance of "the needless waste of judicial resources" counsels in favor of a stay. *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9, 2015); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011). If the PTO declines to institute proceedings, the stay would last six months at most. Assuming that the PTO does decline to institute IPR proceedings, the limited nature of a stay in such circumstances far outweighs the risk of unnecessary expenditure of judicial resources before that determination. *TAS Energy, Inc.*, 2014 WL 794215, at *4 (imposing stay where IPR petitions had been filed and noting that "[i]f the USPTO rejects the *inter partes* request, the stay will be short"); *Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12–21–JST (JPRx), 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) (same).

Further, although only two of the seven patents-in-suit are the subjects of the pending IPR petitions, multiple courts have found that a full stay is appropriate even when only some of the patents-in-suit are the subject of IPR petitions. *See, e.g.*, *Telebrands Corp. v. Seasonal Specialties, LLC*, No. 17-cv-4161 (WMW/HB), 2018 WL 1027452, at *5 (D. Minn. Feb. 23, 2018) (imposing a stay of entire case although only two of patents-in-suit were subject to reexamination); *Card Tech. Corp. v. Datacard Corp.*, Civil No. 05-2546 (MJD / SRN), 2007 WL 2156320, at *3, 5 (D. Minn. July 23, 2007) (imposing stay of entire case although only two of the three patents-in-suit were subject to reexamination). The rationale for a full stay is simple.

"Moving forward only a subset of the [patents-in-suit] would create significant inefficiencies," including the possibility of "multiple trials on multiple timelines with duplicative discovery, claim construction, and dispositive motions, burdening both the parties and the Court." *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc*., CV 14-00471 SJO (PJWx), 2014 U.S. Dist. LEXIS 133664, at *19 (C.D. Cal. May 8, 2014). Here, the Court finds that it is proper to impose a full stay because of these inefficiencies. Without a full stay, the proceedings risk devolving into what would be effectively two different cases in the guise of one—different claim construction hearings, different discovery timelines, and, under the worst case scenario, different trials. These pose substantial inefficiencies and burdens on the Court and the parties. Accordingly, the Court finds that this factor weighs in favor of a stay and, in particular, one that encompasses all proceedings.

### C. Undue Prejudice to the Nonmoving Party

The inquiry a court makes in assessing prejudice is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the *nonmoving party*." *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc*., 486 F.Supp.2d 990, 993–94 (D. Ariz. 2007) (citing *In re Cygnus*, 385 F. Supp. 2d at 1023) (emphasis added). Consideration of tactical disadvantage arises from the concern that the request for reexamination is being used a "tactical tool in litigation." *See e.g., Select Comfort Corp. v. Tempur Sealy Int'l*, No. 14-cv-245 (JNE/JSM), 2014 U.S. Dist. LEXIS 183450, at *7–8 (D. Minn. Oct. 10, 2014) ("A request for reexamination has the potential of becoming a tactical tool in litigation, and therefore the Court must carefully weigh such requests."); *cf. Fresenius USA, Inc. v. Baxter Int'l., Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J., concurring) ("[R]eexamination . . . can be a useful and powerful tool for the benefit of both patentees and those interested in restricting or eliminating adversely held patents. However, if routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity."). The

– 8 –

Court does not find clear tactical disadvantage here by permitting a stay. AGNC does not assert, nor does it present evidence showing, that LGE requested IPR review for the purpose of delaying these judicial proceedings. *See AT&T Intellectual Prop. I*, 774 F. Supp. 2d at 1054 ("[C]ourts . . . consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent." (quoting *KLA-Tencor Corp. v. Nanometrics, Inc*., No. C 05-03116 JSW, 2006 WL 708661 at *3 (N.D. Cal. 2006))). Accordingly, the Court finds that this factor does not weigh against a stay.

### D. Other Considerations

In addition to these three factors, the Court finds that a full stay of proceedings is warranted in view of other considerations. AGNC has moved for a full stay of proceedings pending the resolution of a disqualification issue with some of LGE's counsel. (ECF No. 103.) AGNC believes that this issue needs to be resolved because it bears upon whether that counsel can represent LGE at any future claim construction hearing. (ECF No. 104 at 2.) Although AGNC's second stay request is not premised on the IPR petitions, the Court believes that, viewing the "totality of the circumstances," there is no fundamental disagreement between the parties that a full stay is warranted. This further counsels in favor of granting the requested stay and modifying that request to encompass generally all proceedings. Because both sides agree that the disqualification issues should be resolved notwithstanding a stay (ECF No. 104 at 4 n.7; ECF No. 107 at 2), the Court further determines that the stay of proceedings does not affect the disqualification issue AGNC intends to raise.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS** Plaintiff's motion to stay (ECF No. 99) and **MODIFIES** the request to impose a **STAY OF ALL PROCEEDINGS**. This stay shall not affect any disqualification issue that Plaintiff may intend to raise.

2. The claim construction hearing currently scheduled for March 15, 2018

– 9 –

1    is **VACATED**.

2    3.    The parties are **ORDERED** to provide the Court with a joint notice of

3    whether the PTO has accepted or declined the petitions concerning the '227 and '353

4    patents.  The parties shall provide this joint notice **no later than five (5) days from**

5    **the date of decision for each respective IPR petition**.  If neither petition is accepted

6    for review, any party may move for a lift of the stay.

7    4.    The Court **TERMINATES AS MOOT:**

8        a.    Plaintiff's motion to stay the case pending resolution of the

9    disqualification issue it intends to raise (ECF No. 103).

10       b.    Plaintiff's related motion to seal (ECF No. 101).  The proposed

11   sealed lodgment shall not be filed on the public docket.

12       c.    Each side's respective *ex parte* motion to authorize use of

13   electronic equipment in the courtroom at the claim construction hearing. (ECF Nos.

14   105, 106).

15   **IT IS SO ORDERED.**

16   **DATED:  March 12, 2018**

17

18   **Hon. Cynthia Bashant**
     **United States District Judge**

19

20

21

22

23

24

25

26

27

28